1

2

3

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

5

6

7

8

9

10

**DALYNNE SINGLETON, as Administrator of the ESTATE of SHELLY ANN MONAHAN, and on behalf of all statutory beneficiaries thereof, including JM, SM, AM, RV, ROSIE MONAHAN, KEITH MONAHAN, and RAY EDWARD MARTINEZ,**

**Plaintiffs**,

**v.**

**NO.**

**PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, PERSONAL INJURIES AND DAMAGES**

**JURY DEMAND**

11

12

13

14

15

16

17

18

**CLARK COUNTY, a county of the State of Washington, NAPHCARE, INC., an Alabama Corporation, ALYSSA CLARKE, LEXIE HUNTER, ROSE MAINAH,  SHANNON PARIS,  JULI PFAU,  KAYLEA TRIPP,  AMANDA BIVER,  ALEXANDRIA SLISS, JAMES EASTMAN, CHANELLE HACKNEY, DANIEL GORECKI, AUSTIN E. CLOYD, IAN DAVID FRAZIER, RAY BETTGER, KEITH JONES, JUSTIN SHOEMAKER, CLARK COUNTY JOHN DOES ONE THROUGH TEN, in their individual and official capacity, and NAPHCARE JOHN DOES ONE THROUGH TEN, in their individual and official capacity,**

**Defendants**.

19

20

21

PLFS' COMPLAINT FOR DAMAGES - 1

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

Plaintiff Dalynne Singleton, as Administrator of the Estate of Shelly Ann Monahan, and on behalf of all statutory beneficiaries thereof, including JM, SM, AM, RV, Rosie Monahan, Keith Monahan, and Ray Edward Martinez, by and through their attorney of record, Jay Krulewitch, hereby states and alleges as follows.

## I. INTRODUCTION

1.1 This action arises out of the grossly inhumane confinement and deprivation of adequate medical care and psychiatric care for Shelly Monahan, a twenty-nine-year-old woman and mother of four children, who was a pretrial detainee in the Clark County Jail.  Ms. Monahan's death followed months of deficient medical and psychiatric care and inexcusable neglect which she received at the Clark County Jail from numerous NaphCare employees and Clark County correctional officers.   In the final months of her life, Ms. Monahan displayed alarming medical symptoms that were simply ignored and never acted upon which, without question, should have triggered a variety of responses other than simply ignoring her need for medical and psychiatric treatment, incarcerated alone in an isolated cell with no one properly caring for or attending to her in final days and hours.  The above-named Defendants had a constitutional duty to protect Ms. Monahan and keep her safe while she was incarcerated and confined in the Clark County Jail. According to the Medical Examiner, Martha J. Burt, Ms. Monahan's cause of death was severe hyponatremia and hypochloremia due to water intoxication due to probable psychogenic polydipsia. The Clark County Defendants (see below) and the NaphCare Defendants (see below) are responsible for the tragic death of Shelly Monahan. Their combined failure was to not properly manage and treat Ms. Monahan's deteriorating and serious medical condition, which they knew or should have known required immediate and/or urgent medical treatment. Their failure to provide

**PLFS' COMPLAINT FOR DAMAGES - 2**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

her with immediate and/or urgent medical treatment led to Ms. Monahan's tragic death in the Clark County Jail.  As a result, the Clark County Defendants (see below) and the NaphCare Defendants (see below) violated her constitutional right to receive proper medical care as a pre-trial detainee in the Clark County Jail.

## II. JURISDICTION AND VENUE

2.1. This Court has jurisdiction over Plaintiffs' claims under the Fourteenth Amendment of the U.S. Constitution, the Americans With Disabilities Act, 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§1331,1343, et seq.

2.2. Plaintiffs' state and federal claims arise from a common nucleus of operative facts. Therefore, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

2.3 Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this district.

2.4 Assignment to the Tacoma Courthouse is proper under LCR 3(d) because a substantial part of the events and omissions giving rise to the claim occurred in Clark County.

## III. PARTIES

3.1  At all times material to this cause of action, the Estate of Shelly Ann Monahan (hereinafter "Estate") is being represented by Dalynne Singleton, as Administrator of the Estate of Shelly Ann Monahan, who was a resident of Pierce County, State of Washington, and was properly appointed as the Administrator pursuant to the Letters of Administration filed March 6, 2023, in King County Superior Court.

**PLFS' COMPLAINT FOR DAMAGES - 3**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

3.2 Plaintiff JM is an individual and resident of Clark County, Washington and is the natural child of Shelly Monahan.  JM is a minor and is therefore referred to by her initials under FRCP 5.2.  JM is a lawful beneficiary of the Estate of Shelly Monahan.

3.3 Plaintiff SM is an individual and resident of Clark County, Washington and is the natural child of Shelly Monahan.  SM is a minor and is therefore referred to by his initials under FRCP 5.2.  SM is a lawful beneficiary of the Estate of Shelly Monahan.

3.4 Plaintiff AM is an individual and resident of Clark County, Washington and is the natural child of Shelly Monahan.  AM is a minor and is therefore referred to by her initials under FRCP 5.2.  AM is a lawful beneficiary of the Estate of Shelly Monahan.

3.5 Plaintiff RM is an individual and resident of Yakima County, Washington and is the natural child of Shelly Monahan.  RM is a minor and is therefore referred to by her initials under FRCP 5.2.  RM is a lawful beneficiary of the Estate of Shelly Monahan.

3.6 Plaintiff ROSIE MONAHAN was and is a resident of Clark County, Washington and is the mother of Shelly Monahan.  Rosie Monahan is a lawful beneficiary of the Estate of Shelly Monahan.

3.7 Plaintiff KEITH MONAHAN was and is a resident of Clark County, Washington and is the father of Shelly Monahan.  Keith Monahan is a lawful beneficiary of the Estate of Shelly Monahan.

3.8 Plaintiff RAY EDWARD MARTINEZ was a resident of Clark County, Washington, and was the husband of Shelly Ann Monahan.  Ray Edward Martinez is a lawful beneficiary of the Estate of Shelly Monahan.

**PLFS' COMPLAINT FOR DAMAGES - 4**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

3.9 Defendant Clark County is a lawful political subdivision or entity in the State of Washington.  The Clark County Jail is a correctional agency or department under the management, operation, and/or control of Clark County.  At all times material to this cause of action, Clark County managed, operated, and/or controlled the Clark County Jail located at 707 West 13th Street, Vancouver, Washington, 98660.

3.10 Defendant NaphCare, Inc. ("NaphCare") is a foreign corporation existing under the laws of the State of Alabama registered to do business in the State of Washington.  At all times material to this cause of action, the Clark County Jail contracted with NaphCare to provide medical care, mental health care, and/or other services to the detainees or persons incarcerated in the Clark County Jail.

3.11 Defendant Alyssa Clarke, an RN ("RN Clarke"), was a Registered Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.12 Defendant Lexie Hunter, an LPN ("LPN Hunter"), was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.13 Defendant Rose Mainah, an LPN ("LPN Mainah"), was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

**PLFS' COMPLAINT FOR DAMAGES - 5**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

3.14 Defendant Shannon Paris, an ARNP ("ARNP Paris"), was an Advanced Registered Nurse Practitioner employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.15 Defendant Juli Pfau, LPN ("LPN Pfau"), was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.16 Defendant Kaylea Tripp ("LPN Tripp") was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.17 Defendant Amanda Biver ("RN Biver"), was a Registered Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.18 Defendant Alexandria Sliss ("LPN Sliss") was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

3.19 Defendant James Eastman, ("LPN Eastman") was a Licensed Practical Nurse employed by NaphCare and at all times material to this cause of action was acting within the course and scope of his employment.

3.20 Defendant Chanelle Hackney, ("DON Hackney") was a Director of Nursing employed by NaphCare and at all times material to this cause of action was acting within the course and scope of her employment.

**PLFS' COMPLAINT FOR DAMAGES - 6**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

3.21 Defendant Daniel Gorecki, ("MD Gorecki") was a Medical Doctor employed by NaphCare and at all times material to this cause of action was acting within the course and scope of his employment.

3.22 The Defendants listed in paragraphs 3.11 through 3.21 shall be collectively referred to as "NaphCare Employee Defendants."

3.23 Defendant Deputy Austin E. Cloyd ("Deputy Cloyd") was a correctional officer employed by Clark County Jail and at all times material to this cause of action was acting within the course and scope of his employment.

3.24 Defendant Deputy Ian David Frazier ("Deputy Frazier") was a correctional officer employed by Clark County Jail and at all times material to this cause of action was acting within the course and scope of his employment.

3.25 Defendant Deputy Ray Bettger ("Deputy Bettger") was a correctional officer employed by Clark County Jail and at all times material to this cause of action was acting within the course and scope of his employment.

3.26 Defendant Deputy Keith Jones ("Deputy Jones") was a correctional officer employed by Clark County Jail and at all times material to this cause of action was acting within the course and scope of his employment.

3.27 Defendant Deputy Justin Shoemaker ("Deputy Shoemaker") was a correctional officer employed by Clark County Jail and at all times material to this cause of action was acting within the course and scope of his employment.

3.28 The Defendants listed in paragraphs 3.20 through 3.27 shall be collectively referred to as "Clark County Jail Officer Defendants."

**PLFS' COMPLAINT FOR DAMAGES - 7**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2       3.29 Defendant NaphCare John Does One through Ten**,** are, at this time, unknown

3   employees of NaphCare who were working at the Clark County Jail and at all times material to

4   this cause of action were acting within the course and scope of their employment.  Plaintiffs are

5   seeking the identity of Naphcare John Does One through Ten, who together, in part, or as part of

6   their assigned duties, either wrongfully acted or failed to act in their care and treatment of Shelly

7   Monahan as alleged below.

8       3.30 Defendant Clark County John Does One through Ten**,** are, at this time, unknown

9   correctional, classification, administrative, management, and/or employees of the Clark County

10  Jail who were acting in the course and scope of their employment and involved in the care,

11  treatment, and/or management of Shelly Monahan. Presently, Plaintiffs are seeking the identity

12  of Clark County John Does One through Ten, who together, in part, or as part of their assigned

13  duties, either wrongfully acted or failed to act in their care and treatment of Shelly Monahan as

14  alleged below.

### IV. JURISDICTION

4.1 All acts complained of occurred in the Western District of Washington.

4.2 Jurisdiction is proper in the United States District Court pursuant to Title 28 USC § 1331; 28 USC § 1343(a)(3); and Title 42, United States Code § 1983. This court has personal and subject matter jurisdiction.

4.3 Venue is appropriate in this court pursuant to 28 U.S. C. § 1391 because most and/or a substantial part of the acts and omissions complained of occurred in this judicial district.

4.4 This Court has pendant jurisdiction over Plaintiffs' State Law claims and over the Defendants as to such claims.

**PLFS' COMPLAINT FOR DAMAGES - 8**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

## V. SATISFACTION OF RCW 4.96.020 TORT CLAIMS NOTICE

5.1 In compliance with RCW 4.96.020, the Estate submitted a tort claim form to the Clark County Risk Management (Department of Risk Management). More than 60 days have passed since the submission of that claim, and all statutory prerequisites for filing state law claims in this lawsuit against Clark County have been met.

## VI. FACTUAL ALLEGATIONS

6.1 Shelly Monahan, DOB December 23, 1992, was booked and processed for a felony criminal offense in the Clark County Jail, on or about December 3, 2020. At the time of her booking, the Clark County Jail knew or should have known, as evidenced from her prior Clark County records, and/or NaphCare records, and/or other medical records that Ms. Monahan suffered from multiple risk factors putting her at-risk of self-harm as a result of her longstanding mental health history and her history of psychiatric disorders.  The above-named Clark County Defendants and Naphcare Defendants knew or should have known that: a) Ms. Monahan had been incarcerated in the Clark County Jail on other occasions; b) that she had a number of prior bookings in the Clark County Jail, and c) that she had a longstanding diagnosis of schizophrenia and had received psychiatric treatment while incarcerated in the Clark County Jail on previous occasions.   In addition, the above-named Defendants had access to the records of a major psychiatric assessment conducted by the Washington Department of Corrections ("DOC") on or about September 15, 2015, in which Ms. Monahan was presenting symptoms of distress, appeared psychotic, depressed, anxious and was judged to be a poor historian of her current functioning and history. She was diagnosed as suffering from Prodromal Psychotic Disorder,

**PLFS' COMPLAINT FOR DAMAGES - 9**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

Schizophreniform, Schizoaffective Disorder, depressed type, and Major Depressive Disorder with Psychotic Features.

6.2  Ms. Monahan had a mental health history which the Clark County Defendants and Naphcare Defendants knew or should have known which included: a) a diagnosis of schizophrenia dating back to October 6, 2014, b) hearing voices, non-command in nature, going back to June 5, 2015, and continuing to the present incarceration, c) a borderline personality disorder dating back to March 29, 2018, d) paranoia dating back to March 4, 2018, and e) a learning disability which resulted in her being placed in a special education class as well as on an IEP when in school.

6.3 Ms. Monahan had threatened and/or attempted suicide on multiple occasions while incarcerated in the Clark County Jail and outside of the Clark County Jail.  The above-named Defendants knew or should have known of Ms. Monahan's past history of suicide threats and/or suicide attempts.

6.4 Ms. Monahan had been placed on suicide watch as far back as May 6, 2014. Just prior to that date, on April 26, 2014, she reportedly was intentionally hitting her head on the wall and punching the wall several times. As a result, she was given an ice pack, but on April 27, 2014, she opened the ice pack and drank from it. She was then taken to the hospital and admitted into the ICU for treatment.  When she was released from the hospital and taken back to the jail, she was reportedly placed on suicide watch on May 6, 2014.  On or about December 22, 2015, Ms. Monahan was considered a risk for suicide and admitted to the Close Observation Area by the Mental Health Officer on Duty for having suicidal thoughts, self-harm thoughts, and having a

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1    risk of self-harm.  She was placed on continuous observation with modified furnishings,

2    clothing, food utensils, and video surveillance.

3        6.5 Ms. Monahan had a history of illicit drug use, including the use of heroin and

4    methamphetamines dating back to June 24, 2013.  She admitted to attempting to commit suicide

     at age 14 by taking sleeping pills and again at age 19.  At her admission to the Clark County Jail

5    on or about March 12, 2020, which was just prior to her last admission/incarceration in

6    December 2020, Ms. Monahan was found to be under the influence of numerous illicit drugs

7    including opiates and methamphetamine and had to be "detoxed" by NaphCare officials or

8    employees.  The above-named Defendants knew or should have known of Ms. Monahan's past

9    history of illicit drug use which also involved past suicide threats and/or suicide attempts.

10       6.6   Ms. Monahan suffered from PTSD and this also was contained in her medical

11   history compiled by the Clark County Jail and/or NaphCare.  Ms. Monahan's PTSD stemmed, in

     part, from a baby she lost around 2013. The above-named Clark County Defendants and

12   Naphcare Defendants knew or should have known of Ms. Monahan's past history of PTSD.

13       6.7 When Ms. Monahan was admitted/incarcerated in the Clark County Jail on or around

14   December 3, 2020, she was placed into general population after a medical evaluation by

15   NaphCare staff or officials.

16       6.8 Rose Mainah, an LPN ("LPN Mainah") wrote in a segregation note on December 25,

17   2020, just twenty-two days after her admission into the Clark County Jail, that Ms. Monahan

     appeared disheveled, her room was a mess, and that she was mute/uncooperative.  She further

18   noted that M. Monahan was seen during morning medication rounds, but did not respond when

19   called.

20   **PLFS' COMPLAINT FOR DAMAGES - 11**

21
Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

6.9 Shannon Paris, an ARNP ("ARNP Paris"), conducted a psychiatric evaluation of Ms. Monahan on or about December 28, 2020.  ARNP Paris noted that Ms. Monahan has a history of schizophrenia  and Generalized Anxiety Disorder ("GAD") and when asked if she hears voices, she responded that "I see angels" and that later she added "I see demons too."  She further wrote that Ms. Monahan appeared distracted and mostly answered in one-word answers and while she denied having suicidal ideation, she endorsed having auditory and visual hallucinations.  ARNP Paris prescribed Ms. Monahan with Seroquel, 50 mg, twice daily, increasing the dosage for the next few days. But, prior to this date, NaphCare staff or officials did not prescribe Ms. Monahan with Seroquel despite the fact that Ms. Monahan had repeatedly asked for such a prescription upon her incarceration with the Clark County Jail.  Ms. Monahan had indicated that this was her regular medication, but it was not prescribed until or about December 28, 2020.

6.10 On December 31, 2020, LPN Mainah offered Ms. Monahan her prescribed medication of Seroquel (Quetiapine Fumarate), but Ms. Monahan refused this medication.  The refusal was witnessed by Deputy Darling.  No action was taken regarding this refusal by either LPN Mainah or Deputy Darling.

6.11 On January 25, 2021, Juli Pfau, LPN ("LPN Pfau") noted that Ms. Monahan "refused to come to medical tonight to provide a urine sample. Patient also refused meds during evening mass pass [and] observed to be tearful under [her] blanket in [the] cell.  Patient would not talk or elaborate to this nurse or deputy . . ."  On January 27, 2021, just two days later, LPN Pfau noted that Ms. Monahan refused her medication for Seroquel and would not sign the acknowledgment of medication refusal.  From this point forward, the  records are replete with Ms. Monahan's repeated refusals to take her medications on numerous dates, including refusals

**PLFS' COMPLAINT FOR DAMAGES - 12**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1    noted for January 29, 2021, February 1, 2021, February 2, 2021, February 6, 2021, February 7,

2    2021, February 8, 2021, and February 9, 2021.  Despite these repeated refusals, no action was

3    taken by the above-named Defendants to address Ms. Monahan's deteriorating psychiatric

4    condition.

     6.12 By February 2021, Ms. Monahan began to deteriorate, mentally, even further.

5    However, the above-named Defendants failed to take any prompt or appropriate care to attend to

6    Ms. Monahan.  Ms. Monahan at this point, had been placed into segregated housing on February

7    7, 2021. She had exhibited extremely bizarre behavior by flooding her cell and then dipping

8    bloody water out of the toilet and pouring the bloody water over her head.  LPN Kaylea Tripp

9    ("LPN Tripp") noted that Ms. Monahan "is clearly not in her right mind." She had Ms. Monahan

10   on a mental health list to be seen ASAP, but the NaphCare records are unclear whether she was

11   seen in urgent fashion or not.  Amanda Biver ("RN Biver"), also recorded this event and then

12   noted that Ms. Monahan flooded her cell a second time that night resulting in low body

     temperature and was too cold and shivery to obtain vitals.  Clearly the above-named Defendants

13   failed to take any prompt or appropriate care to attend to Ms. Monahan at this time despite the

14   bizarre behavior she had been exhibiting.

     6.13 On February 7, 2021, Deputy Ray Bettger ("Deputy Bettger") indicated that Ms.

15   Monahan was scooping up bloody water from her toilet and pouring it on herself and onto the

16   floor. She was menstruating into the toilet and instead of flushing the toilet, she was using her

17   tumbler to pour the bloody water onto everything in her cell, including herself.  Instead of getting

18   her immediately evaluated for bizarre and/or psychotic behavior, Deputy Bettger infracted her,

19

20   **PLFS' COMPLAINT FOR DAMAGES - 13**

21
                                                                    Jay H. Krulewitch
                                                                    Attorney at Law
                                                                    P.O. Box 33546
                                                                    Seattle, WA 98133
                                                                    Phone: (206) 233-0828
                                                                    Fax: (206) 628-0794

1  although he recommended leniency since her "mental state was well off baseline and she

2  appeared to not be aware of her actions or consequence of those actions."

3      6.14 On February 8, 2021, Ms. Monahan had a low body temp of 97.2.  And then on

4  February 9, 2021, she had an elevated heart rate of 113 beats per minute, which is abnormal.  In

   addition, Alexandria Sliss ("LPN Sliss") reported that Ms. Monahan had abnormal vitals and was

5  dehydrated. In addition, on this day, ARNP Paris noted that Ms. Monahan was placed on a

6  suicide watch and that her appearance was "guarded" and avoidant, resistant, with flat affect,

7  and, as before, had declined her medications. ARNP Paris also noted that Ms. Monahan had

8  exhibited or expressed suicidal ideation. As a result, ARNP Paris indicated she was not

9  appropriate to be released from suicide watch until she was free of suicidal/homicidal ideation,

   plan and/or intent.  Suicide precautions were to be maintained, which was to include monitoring

10  of Ms. Monahan every fifteen minutes.

11      6.15 By February 10, 2021, Ms. Monahan had expressed suicidal ideation and was placed

12  on suicide watch to include cell checks to occur every 15 minutes.  This was noted in the

13  NaphCare records by MHP Anthony Daltoso ("MHP Daltoso") on February 14, 2021. But, for

14  reasons which are unclear, MHP Daltoso cleared Ms. Monahan from suicide watch the very next

15  day.

16      6.16 On March 12, 2021, Ms. Monahan was referred for a psychiatric evaluation, but it

   was noted that she "refused".

17      6.17 On March 16, 2021, Ms. Monahan was placed into five-point restraints while she

18  was screaming she was suffering kidney pain.

19

20  **PLFS' COMPLAINT FOR DAMAGES - 14**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

21

6.18 On April 1, 2021, ARNP Paris placed an order for Ms. Monahan to receive a nighttime dosage of 200 mg of Seroquel for the month of April. But on April 6, 2021, Ms. Monahan reportedly refused her medications.

6.19 Ms. Monahan began to deteriorate further.  On April 13, 2021, ARNP Paris, in a psychiatric progress note dated April 13, 2021, indicated that Ms. Monahan was not expressing suicidal ideation, but she had only been taking her Seroquel intermittently.  However, what was alarming is that ARNP Paris documented that Ms. Monahan had lost twenty-nine pounds. Despite the fact that Ms. Monahan had lost a substantial amount of weight in a short period of time, there was no request for her to be seen by an outside medical provider for a full medical workup.  The following day ARNP Paris noted that Ms. Monahan was "floridly psychotic," yet did not send her to hospital for appropriate psychiatric/medical evaluation and treatment.

6.20 On May 4, 2021, LPN Tripp noted that Ms. Monahan "has been off her rocker today and has been locked down all day."  Yet, even though her mental health had been deteriorating, the above-named Defendants failed to provide Ms. Monahan with psychiatric/mental health treatment or send her to a hospital or other facility for urgent evaluation and treatment.

6.21 On May 11, 2021, Deputy Keith Jones ("Deputy Jones") reported that Deputy Marsh had completed giving meals to the inmates in the lower tier, which included Ms. Monahan when Ms. Monahan threw her food tray out the food port into the dayroom causing a mess.  As before, instead of getting her immediately evaluated for acting in such a bizarre fashion, Ms. Monahan was infracted for causing the mess in the dayroom.

6.22 On May 29, 2021, LPN Sliss noted that Ms. Monahan was not on video camera so staff could not see what, if anything, she was consuming.

**PLFS' COMPLAINT FOR DAMAGES - 15**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

        6.23 On May 31, 2021, pursuant to an order from Clark County Superior Court, Angela

Sailey, a licensed Ph.D. psychologist and forensic evaluator, attempted to perform a competency

evaluation for the court.  Ms. Monahan refused to participate in the forensic interview, cell-side,

with Dr. Sailey, remaining mute and pulling her blanket over her legs and torso. Dr. Sailey found

that Ms. Monahan did not demonstrate the ability to assist in her own defense due to her mental

disease or defect.  She found that Ms. Monahan demonstrated:

> *erratic, unpredictable, and bizarre behaviors*, which have resulted in inconsistent
> engagement with medical and mental health providers, and at times refusals to
> attend medical appointments and a refusal to participate in the forensic interview.
> She has also demonstrated a *poverty of speech*, which resulted in a lack of verbal
> responses or yes/no responses when others attempt to engage her. There is also
> some indication of potential *delusional ideation* and *visual and auditory
> hallucinations*, with religious themes, specifically that there were demons in her
> head, she was God and Death, and she was able to see angels. Ms. Monahan also
> presented with *avolition* (a lack of motivation), which resulted in refusal of food
> and water, and minimal to no efforts at engagement with others.

        Dr. Sailey diagnosed Ms. Monahan as suffering from Schizoaffective Disorder:

Depressive Type and recommended that competency restoration treatment techniques to be

utilized along with an order for involuntary medication since Ms. Monahan had been consistently

refusing her medications.  At this point, Clark County Defendants and Naphcare Defendants

knew or should have known that Ms. Monahan was psychotic, was not taking her medications,

was refusing her food, and needed psychiatric treatment beyond what they could offer to her in

the Clark County Jail.  However, the records demonstrate, sadly, no such steps were taken by the

above-named Defendants to get Ms. Monahan the medical and psychiatric care and treatment she

sorely needed.

        6.24 On June 2, 2021, approximately five weeks before Ms. Monahan died, ARNP Paris

recorded that Ms. Monahan should be weighed twice per day for a month.  However, there is

**PLFS' COMPLAINT FOR DAMAGES - 16**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

nothing in the NaphCare records to indicate that Ms. Monahan was, in fact, weighed twice a day as ordered by ARNP Paris. Catherine Endocino, AA ("AA Endocino") indicated that Western State Hospital was not willing to participate. But there is no explanation in the record as to whom she spoke with or why Ms. Monahan could not be transported to Western State Hospital for involuntary psychiatric treatment and care. Nor is there any explanation as to why an involuntary commitment per RCW 71.05 was not initiated in Clark County Superior Court to get Ms. Monahan the psychiatric treatment she desperately needed.

6.25 On June 7, 2021, Deputy Justin Schoemaker ("Deputy Schoemaker") reported that Ms. Monahan's water had been turned off "due to flooding issues over the past three days." When the water was turned on again, within an hour, Ms. Monahan started throwing water back under her door. Her water was turned off, again, and the floor was cleaned. Ms. Monahan reportedly said she was frustrated as the reason why she was flooding her room. Deputy Schoemaker wrote that Ms. Monahan's mental health seems to be deteriorating. Yet, despite this bizarre and irrational behavior, Ms. Monahan was not taken for a mental health evaluation and/or treatment.

6.26 On June 8, 2021, RN Biver noted that Ms. Monahan had abnormal vital signs/readings. In addition, her weight change was noted to be 32.90% As a result, an alert was sent to the Nurse's Queue, but no further action was noted or taken by any NaphCare Officials or Clark County Jail Officials.

6.27 On June 9, 2021, Chanelle Hackney, Director of Nursing ("DON Hackney"), wrote that Ms. Monahan had suffered a fifty-pound weight loss since admission. Ms. Monahan was moved to a camera cell on June 10, 2021. On June 10, 2021, Dr. Daniel Gorecki, MD ("MD

**PLFS' COMPLAINT FOR DAMAGES - 17**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

Gorecki") wrote that currently custody does not have staffing to bring Ms. Monahan to the clinic "as she is a 2:1." Evidently, as noted by AA Endocino, there was a court order for competency restoration treatment to occur at Western State Hospital. But Ms. Monahan was never transported to Western State Hospital for such competency restoration treatment. Nor is there any indication why involuntary commitment proceedings were not initiated in Clark County Superior Court so she could receive the psychiatric treatment she desperately needed at this point in time.

6.28 On June 15, 2021, LPN Sliss noted that Ms. Monahan refused to come to medical for vital signs and labs per Deputy Marsh.

6.29 On June 15, 2021, MD Gorecki noted that Ms. Monahan had not been eating consistently and has lost weight and "is wondering why I am bothering her and denies any concerns or pains." MD Gorecki wrote that, despite her mental health issues, there was no evidence that put Ms. Monahan physically in jeopardy, even though he reported that she had lost thirty percent of her body weight. He noted that the plan was to put the patient in a room with a camera and continue to monitor her. Yet, he also noted that Ms. Monahan was "laying under a green smock" and when he tried removing it, that Ms. Monahan pulled it back over her head while talking intermittently. He also noted her lunch was untouched.

6.30 On June 20, 2021, Arvydas Lapinskas, RN ("RN Lapinskas") noted that Ms. Monahan had not been eating her food for the past few days. He further indicated that Clark County Deputies had pulled out several days of worth of food out of her cell. On this same day, ARNP Paris noted that Ms. Monahan had been refusing Gatorade and Boost for three days and that Clark County Officers had found food containers under her bed that were unopened.

**PLFS' COMPLAINT FOR DAMAGES - 18**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

6.31 On June 21, 2021, DON Hackney noted that her weight in her smock was just 105 pounds.  Clearly, Ms. Monahan was deteriorating, mentally, emotionally, and physically and needed hospitalization.

6.32 On June 21, 2021, Ms. Monahan received an injection for Haldol.  And on June 22, 2021, per DON Hackney, Ms. Monahan received another injection for Haldol.  Ms. Monahan was still refusing meals and fluids and had declined Gatorade and Boost.   DON Hackney further indicated that, based on her lab results, Ms. Monahan will most likely be an ER transport due to dehydration and that Jail Custody Staff had been notified.

6.33 On June 22, 2021, NP Paris noted that Ms. Monahan is consistently refusing food, is very paranoid, thinking that her food is poisoned.  She further indicated that her weight, yesterday, was 105 pounds with her smock on.  Urine and blood tests taken around this time revealed borderline high serum sodium and suggested dehydration.

6.34 On June 23, 2021, LPN Tripp noted that Ms. Monahan was lying under her smock and was moving around, mostly just sleeping.  She offered Gatorade and attempted to obtain vitals from Ms. Monahan but Ms. Monahan refused both and just told LPN Tripp to "please just leave me alone."  Ms. Monahan was transported to Peace Health SW where she was  given intravenous fluid and electrolytes.  Blood testing at Peace Health SW, presumably performed after IV hydration, showed that dehydration was no longer present. Urine testing conducted at the Clark County Jail on June 22, 2021, and at Peach Health SW the following day revealed ketones, a finding consistent with inadequate caloric intake. Ms. Monahan was discharged from Peach Health SW to go back to the Clark County Jail with a recommendation for close psychiatric follow-up.

**PLFS' COMPLAINT FOR DAMAGES - 19**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

6.35 On June 25, 2021, Kerri Taft RN ("RN Taft") noted that Ms. Monahan had blood pressure of 98/73 and that her weight loss was still almost thirty percent down. Earlier this day, Ms. Monahan was given Boost and Gatorade which were placed on the sink faucet in her cell. It was further noted that Mas. Monahan refused her breakfast this day.

6.36 On June 28, 2021, Leanne Nething, LPN ("LPN Nething") noted that Ms. Monahan was crying uncontrollably and talking with Shannon MH. She refused injections of Benadryl and Haldol, and was asking for a different medication.

6.37 On June 29, 2021, Kimberly Parker, an MHP ("MHP Parker"), noted in a Daily Suicide Watch Progress Note that Ms. Monahan reported that she was on suicide watch for not eating because she hurt herself. MHP Parker further noted that Ms. Monahan had not shown "a consistent pattern of taking care of herself" and that was to be monitored for her safety. MD Gorecki reported that Ms. Monahan has lost fifty pounds since December 2020 as she was not eating much and had been taken to the emergency department one time. Yet, despite numerous notes indicating she was not eating and showing psychotic symptoms, Ms. Monahan was not brought back to Peace Health SW or any other hospital for a full medical workup as to what was going on. DOC Hackney, an interim HSA, noted that after lunch was given to Ms. Monahan, she could be seen on the video camera dumping the contents of the Styrofoam carton into the toilet.

6.38 On June 30, 2021, Ms. Monahan was restarted on Seroquel. Thorazine, another antipsychotic medication, was also added to her medical regimen. Ms. Monahan took both medications regularly until two days before her death. Further, on this date, it was reported by MHP Daltoso that Ms. Monahan was not eating consistently and, as a result, could not be taken off of suicide watch. In addition, Deputy Biver noted that Ms. Monahan began pulling her

**PLFS' COMPLAINT FOR DAMAGES - 20**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

emergency alarm.  And as Deputy Biver was talking to Sgt. Schmierer, Ms. Monahan started

scooping water out of the sink and throwing it onto her floor under the door.  As Deputy

Schmierer cleaned up the water, the deputy heard Ms. Monahan say to Deputies Auld and Cloyd

"why don't you just murder me like you do everyone else."

6.39 On July 1, 2021, James Eastman, an LPN, ("LPN Eastman") wrote that Ms.

Monahan was still refusing her medications and documented this refusal.  On this day, MHP

Parker wrote that Ms. Monahan was still being monitored for safety and well-being but no

further action was recommended or taken with regard to Ms. Monahan.

6.40 However, on July 2, 2021, MHP Parker determined that Ms. Monahan was eating

and drinking Gatorade and should be released from Suicide Watch. As a result, Ms. Monahan

was taken off of Suicide Watch.

6.41 On July 5, 2021, LPN Eastman noted that Ms. Monahan's room is messy, and food

was found on the floor with fecal matter spread onto the door window.  Somehow, despite this

very bizarre behavior, LPN Eastman wrote that Ms. Monahan did not appear to be in any acute

distress, despite the fact that was refusing Boost/Gatorade. There is no indication of vitals being

taken, whether she had lost any further weight, or whether any consideration was given to

transporting Ms. Monahan to a hospital, emergency room, or other facility, for urgent psychiatric

and/or medical treatment.

6.42 On July 6, 2021, MD Gorecki indicated that they were still waiting on a Western

State Mental Health Evaluation.  There is no indication that Ms. Monahan had been scheduled

for transportation to Western State Hospital, Peace Health SW, or any other facility for urgent

**PLFS' COMPLAINT FOR DAMAGES - 21**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

treatment.  MD Gorecki reported that her labs were unremarkable.  However, in fact, the labs drawn on July 2, 2021, were suggestive of dehydration.

6.43 In the three days prior to her death on July 10, 2021, things changed dramatically regarding Ms. Monahan's status as well as documentation of the care and treatment she received from NaphCare officials and Clark County officials.  On July 8, 2021, at 3:45 a.m., Ms. Monahan complained of chest pain and asked for Gatorade and a snack. LPN Hunter examined her and reported that Ms. Monahan was in no distress and her vital signs were reportedly normal although they were not recorded. For the rest of that day she refused her medications. There are no further progress notes or records that day monitoring her fluid and food intake.

6.44 On July 9, 2021, Ms. Monahan again refused Seroquel and Thorazine. Medical staff usually wrote progress notes describing her behavior. On this day there were three clinical notes, all by LPN Eastman and all completed between 8:05 and 9:40 am but with only a single narrative comment. Two notes were medication refusal forms with the following boxes checked: "Patient Refusal" and "Patient declined to sign acknowledgement of medication refusal". The third note, a Segregation Note, had boxes checked describing Ms. Monahan as disheveled, messy, mute and uncooperative, and contained the only narrative comment: "Pt seen during AM med pass. Pt was seen laying on mattress on floor, covered with blankets. Pt shook head when asked if she wanted medications. Pt in no acute distress."  There are no more progress notes describing Ms. Monahan's status until she was found having a seizure early in the morning of July 10, 2021, the very day she died in the Clark County Jail.

6.45 At 2:45 in the morning of July 10, 2021, Clark County Jail Correctional Deputy Mindy Rothenberger ("Deputy Rothenberger"), while performing the duty of "Constant Watch,"

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

heard what she thought to be "loud snoring noises" coming from "cell 6" in Med 1. Ms. Monahan was housed in cell 6. Deputy Rothenberger observed Deputy Ian Frazier ("Deputy Frazier") "looking into cell 6, then leave, returning with medical staff," which included Nurse Alyssa Clarke ("RN Clarke"), LPN Lexie Hunter ("LPN Hunter"), and LPN Rose Mainah ("LPN Mainah"). Deputy Frazier observed Ms. Monahan in an "unfamiliar position on the floor that appeared out of the ordinary." Deputy Frazier called for a second deputy, and Deputy Austin Cloyd ("Deputy Cloyd") arrived. Deputy Frazier entered Ms. Monahan's cell and found her to be "unresponsive." Additional Clark Jail Correctional Officers arrived on the scene, including Deputy Todd Winston ("Deputy Winston"), Deputy Bryan Grant ("Deputy Grant"), Deputy Mark Grundhauser ("Deputy Grundhauser"), Deputy AJ Kirgiss ("Deputy Kirgiss"), and Deputy Emrah Rebihic ("Deputy Rebihic") to assist with Ms. Monahan. They found Ms. Monahan having a seizure and unresponsive. She had a slow pulse rate of 55. She was breathing heavily, making loud snoring noises, and her blood oxygen level was normal. EMS was called. While waiting for EMS's arrival Ms. Monahan's pulse jumped to 155-162 and then disappeared. RN Clark started CPR and called for an AED (Automated External Defibrillator). AED's are standard equipment for jails and prisons and are an integral part of the Cardio Pulmonary Resuscitation protocol. Correctional officers and health care staff are expected to be trained in their use and to have urgent access to an AED in case of cardiac arrest. There is no documentation that an AED was produced or used prior to Emergency Medical Services' ("EMS") arrival at 3:21 am with their own defibrillator. EMS continued resuscitative measures, including the use of a defibrillator. However, resuscitation was not successful and Ms. Monahan passed away in the Clark County Jail. The time of death is listed as 03:48 am on July 10, 2021.

**PLFS' COMPLAINT FOR DAMAGES - 23**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

6.46 The Clark County Medical Examiner, Martha J. Burt, performed the autopsy. She concluded that Ms. Monahan died of severe hyponatremia and hypochloremia due to water intoxication.  She further indicated that Ms. Monahan had died due to probable psychogenic polydipsia.

6.47 The above-named Clark County Defendants and Naphcare Defendants knew or should have known that Ms. Monahan, because of her mental health history and her suicide history, was at-risk for suicide and/or self-harm. The above-named Clark County Defendants and Naphcare Defendants failed to properly monitor, supervise, watch, treat, and/or protect Ms. Monahan and were deliberately indifferent and violated Ms. Monahan's constitutional rights under the Fourteenth Amendment of the U.S. Constitution by failing to take all reasonable and appropriate steps to protect Ms. Monahan from hurting herself, and/or from causing self-harm to herself, and/or from attempting suicide, and/or from committing suicide, which occurred while Ms. Monahan was in the care, custody, and control of the Clark County and/or NaphCare.

6.48 As a result of the wrongful actions of the above-named NaphCare Defendants and NaphCare John Doe Numbers One through Ten, Ms. Monahan tragically died in the Clark County Jail on or about July 10, 2021.

6.49 In providing medical and psychiatric/mental health care for inmates in the Clark County Jail, NaphCare, by and through its officials or staff working at the Clark County Jail, was acting under color of state law and subject to liability under 42 U.S.C. Section 1983.

6.50 Under the non-delegable duty doctrine, the unconstitutional acts and omissions of NaphCare and the negligent acts and omissions of NaphCare are imputed to and become those of Clark County.

**PLFS' COMPLAINT FOR DAMAGES - 24**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1

2          6.51 Defendant NaphCare is also liable for the wrongful conduct of its officials, staff-

persons, or employees working at the Clark County Jail under the doctrine of respondeat

3

4          superior.

5          6.52 Defendant Clark County is also liable for the wrongful conduct of its own officials,

staff-persons, and correctional officers at the Clark County Jail under the doctrine of respondeat

6          superior.

7          6.53  Defendant Clark County has failed to provide numerous documents and evidentiary

8          items which were lawfully requested by Plaintiffs pursuant to RCW 42.56 et. seq. the

9          Washington Public Records Act.  Clark County consistently and repeatedly failed to provide in-

10         cell jail video recordings taken of Ms. Monahan, in particular the in-cell jail videos, videos taken

of Ms. Monahan from June 1, 2021 through the date of death, July 10, 2021, as well as video

11         recordings taken of Ms. Monahan in other parts of the jail, including common areas, day rooms,

12         exercise rooms, hallways, and other parts of the jail, the vitreous lab test findings from the

13         autopsy, all lab tests and/or blood tests conducted as part of the autopsy, hold harmless

agreements signed or entered into with NaphCare, Clark County Jail Policies and Procedures in

14         force or in place from December 1, 2020 through July 10, 2021, and all morbidity/mortality

15         reviews conducted by Clark County and/or any law enforcement agency and/or any outside

16         agency regarding Ms. Monahan's death, including all reports, statements, and documents

17         generated with regard to any such morbidity/mortality reviews, and other related documents.

**VII.  42 U.S.C. SECTION 1983: CLAIMS FOR VIOLATIONS OF THE FOURTEENTH**
18                          **AMENDMENT**

19         7.1 The above-named Defendants all acted under color of law and each defendant is a

20         person within the meaning of 42 United States Code, section 1983.

**PLFS' COMPLAINT FOR DAMAGES - 25**

21

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

7.2 The above-named Clark County Defendants and Naphcare Defendants were deliberately indifferent in failing to protect Ms. Monahan from self-harm, suicide, and/or death in the Clark County Jail.

7.3 The above-named Clark County Defendants and Naphcare Defendants were deliberately indifferent in denying Ms. Monahan her constitutionally-required medical care and treatment, and/or her constitutionally-required psychiatric care and treatment, and subjecting her to inhumane conditions, leading to her death while incarcerated in the Clark County Jail.

7.4 As a direct and proximate result of The above-named Clark County Defendants and Naphcare Defendants' unconstitutional acts and omissions, Ms. Monahan suffered extreme physical pain, severe mental and emotional anguish, and the loss of her life.  These claims are asserted on her behalf by and through the Estate's personal representative, Dalynne Singleton.

7.5 As a direct and proximate result of The above-named Clark County Defendants and Naphcare Defendants' unconstitutional acts and omissions, Plaintiffs JM, SM, AM, RV, the minor children of Plaintiff Shelly Monahan have suffered the loss of their mother's society and companionship in violation of their own Fourteenth Amendment rights.

7.6 As a direct and proximate result of The above-named Clark County Defendants and Naphcare Defendants' unconstitutional acts and omissions, Plaintiffs Keith Monahan and Rosie Monahan, the parents of Plaintiff Shelly Monahan, have suffered the loss of their daughter's society and companionship in violation of their own Fourteenth Amendment Rights.

### VIII. 42 U.S.C. SECTION 1983: MONELL CLAIM AGAINST CLARK COUNTY FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT

8.1 The above-named Defendant, Clark County, acted under color of law and is a person within the meaning of 42 United States Code, section 1983.

**PLFS' COMPLAINT FOR DAMAGES - 26**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

8.2 Defendant Clark County was deliberately indifferent in failing to protect Ms. Monahan from self-harm, suicide, and/or death in the Clark County Jail and/or by depriving her of constitutionally-required medical and/or psychiatric care, subjecting her to inhumane conditions leading to her death while incarcerated in the Clark County Jail.

8.3. Defendant Clark County is liable under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), as a consequence of a policy and/or policies which caused the constitutional violation(s) alleged, and/or inadequate training, and/or inadequate supervision which caused Ms. Monahan to suffer extreme physical pain, severe mental and emotional anguish, and the loss of her life.

8.4 As a direct and proximate result of Defendant Clark County is liable under 42 U.S.C. Section 1983 for all damage proximately caused its unconstitutional actions and omissions. These claims for damages are asserted on her behalf by and through the Estate's personal representative, Dalynne Singleton on behalf of the beneficiaries.  In addition, Plaintiffs JM, SM, AM, RV, the minor children of Plaintiff Shelly Monahan have suffered the loss of their mother's society and companionship in violation of their own Fourteenth Amendment rights.

8.5 As a direct and proximate result of Defendant Clark County's unconstitutional acts and omissions, Plaintiffs Keith Monahan and Rosie Monahan, the parents of Plaintiff Shelly Monahan, have suffered the loss of their daughter's society and companionship in violation of their own Fourteenth Amendment Rights.  In addition, Ray Martinez has suffered the loss of his wife's society and companionship in violation of his own Fourteen Amendment Rights.

## IX.  STATE LAW CLAIMS: NEGLIGENCE

9.1 Plaintiffs have satisfied the Notice of Claim Statute pursuant to RCW 4.96.020.

**PLFS' COMPLAINT FOR DAMAGES - 27**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

9.2 Defendants Clark County and NaphCare, pursuant to respondeat superior, are liable for the negligent actions and omissions of their agents, staff persons, and/or employees, including the above-named NaphCare individual defendants and the above-named Clark County individual defendants, who breached their duty of care to Ms. Monahan, which caused Ms. Monahan to suffer extreme physical pain, severe mental and emotional anguish and the loss of her life.

9.3  Defendants Clark County and NaphCare are liable in negligence for proximately causing substantial suffering and death to Ms. Monahan.

9.4 These claims, actionable through Ms. Monahan's estate, are asserted on her behalf by and through the Estate's personal representative, Dalynne Singleton, for the benefit of her beneficiaries, Plaintiffs JM, SM, AM, RV, as well as Keith Monahan, Rosie Monahan, and Ray Martinez, under the Washington's wrongful death and survival statutes, i.e. RCW 4.20.010-20-20, RCW 4.20.046 and RCW 4.20.060.

## X.  STATE LAW CLAIM: RCW 7.70 ET SEQ.

10.1 Defendants Clark County and NaphCare are liable under RCW 7.70 et seq. for the negligent actions and omissions of their agents, staff persons, and/or employees, for proximately causing suffering and death to Ms. Monahan by failing to follow the accepted standards of care for medical treatment and/or psychiatric treatment.

10.2 As a result of breaching their duty to follow accepted standards of care for medical treatment and/or psychiatric treatment, Ms. Monahan suffered extreme physical pain, severe mental and emotional anguish, and the loss of her life.

**PLFS' COMPLAINT FOR DAMAGES - 28**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

10.3 These claims, actionable through Ms. Monahan's estate, are asserted on her behalf by and through the Estate's personal representative, Dalynne Singleton, for the benefit of her beneficiaries, Plaintiffs JM, SM, AM, RV, as well as Keith Monahan, Rosie Monahan, and Ray Martinez, under the Washington's wrongful death and survival statutes, i.e. RCW 4.20.010-20-20, RCW 4.20.046 and RCW 4.20.060.

## XI.  STATE LAW CLAIM FOR VIOLATIONS OF THE WASHINGTON PUBLIC RECORDS ACT, RCW 42.56 ET. SEQ.

11.1 Defendant Clark County had a duty to provide Plaintiffs with the requested documents, Jail records, Jail videotape recordings, autopsy records, and other requested records regarding Ms. Monahan's incarceration on or about December 3, 2020 up through Ms. Monahan's death, and including post-death investigations and related records, pursuant to a valid Public Records Act Request served on it by Plaintiffs pursuant to RCW 42.56 et seq.

11.2 Defendant Clark County breached its duty to provide Plaintiffs with the requested documents, Jail records, Jail videotape recordings, autopsy records, and other requested records pursuant to the Plaintiffs regarding Plaintiffs' above-referenced Public Records Request.

11.3  As a direct and proximate result of Defendant Clark County's wrongful action in failing to provide Plaintiffs with requested documents, Jail records, Jail videotape recordings, autopsy records, and other requested records  regarding Ms. Monahan's incarceration on or about December 3, 2020 up through the autopsy conducted days after Ms. Monahan died on July 10, 2021,  Plaintiffs have been harmed in not being able to conduct a proper and thorough investigation of this matter and in failing to receive important information about the circumstances surrounding the death of their loved one, Shelly Monahan.

**PLFS' COMPLAINT FOR DAMAGES - 29**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

11.4 As a result of these violations of the Public Records Act, i.e. RCW 42.56 et seq., Plaintiffs seek all monetary and compensatory monetary damages as allowed by law.

## XII. PRAYER

WHEREFORE, Plaintiffs pray for the following relief against all of the Named Defendants as well as Defendant NaphCare John Does One through Ten and Clark County John Does One through Ten:

1. Full compensatory damages;

2. Punitive damages;

3. All compensatory damages, attorney's fees and costs as allowed under 42 U.S.C. Section 1983, 42 U.S.C. Section1988, and any other applicable provision of law;

4. All compensatory damages, attorney's fees and costs as allowed under RCW 42.56.550, the Washington Public Records Act, and any other applicable provision of law; and

5. Such other and further relief as the court deems just and equitable.

DATED this 22nd day of May, 2024.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By *s/Jay H. Krulewitch*
Jay H. Krulewitch, WSBA No.17612
Attorney for Plaintiffs

**PLFS' COMPLAINT FOR DAMAGES - 30**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794