THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON, as Administrator of the ESTATE of SHELLY ANN MONAHAN, and on behalf of all statutory beneficiaries thereof, including JM, SM, AM, RV, ROSIE MONAHAN, KEITH MONAHAN, and RAY EDWARD MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a county of the State of Washington, NAPHCARE, INC., an Alabama Corporation, ALYSSA CLARKE, LEXIE HUNTER, ROSE MAINAH, SHANNON PARIS, JULI PFAU, KAYLEA TRIPP, AMANDA BIVER, ALEXANDRIA SLISS, JAMES EASTMAN, CHANELLE HACKNEY, DANIEL GORECKI, AUSTIN E. CLOYD, IAN DAVID FRAZIER, RAY BETTGER, KEITH JONES, JUSTIN SHOEMAKER, CLARK COUNTY JOHN DOES ONE THROUGH TEN, in their individual and official capacity, and NAPHCARE JOHN DOES ONE THROUGH TEN, in their individual and official capacity,<br><br>Defendants. | No. 3:24-cv-05392-TMC<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER

(No. 3:24-cv-05392-TMC)

**Perkins Coie LLP**

1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: any and all "Protected Health Information" related to patients other than Shelly Monahan; any and all documents related to NaphCare's proprietary electronic health records system that reflects trade secrets or proprietary information; any and all NaphCare employment contracts or employment records, including but not limited to personnel files, disciplinary records, or records regarding wage, payroll, healthcare, benefits, employment applications, resumes, background checks, evaluations, licensing, certifications, registrations, or similar; NaphCare's internal policies and procedures that have not already been provided to a public entity subject to RCW Ch. 42.56 and are not subject to an exception under RCW Ch. 42.56 or other applicable state law; NaphCare's internal standards and manuals that have not already been provided to a public entity subject to RCW Ch. 42.56 and are not subject to an exception under RCW Ch. 42.56 or other applicable state law; NaphCare's training materials that have not already been provided to a public entity subject to RCW Ch. 42.56 and are

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

not subject to an exception under RCW Ch. 42.56 or other applicable state law; NaphCare's financial documents, including profit and loss reports, annual or year-end reports, and budgets; NaphCare's client lists to the extent that they reflect clients that are not public entities; NaphCare's contracts with non-parties that are not public entities; NaphCare's corporate governance documents and meeting minutes; Personal or confidential information contained in personnel files of current or former employees of Clark County; Clark County Jail policies, procedures, practices, videos, or other information, when maintaining confidentiality of those materials is necessary to protect the safety of Clark County employees, inmates, or the public or to ensure effective jail management and operations except for information that is otherwise publicly available; any other documents that should be treated as confidential, with specific description by mutual agreement of the parties; any and all inmate jail records pursuant to RCW 70.48.100 relating to inmates other than Shelly Monahan; and confidential reports and records pursuant to RCW 68.50.105, but the personal representative of the decedent may unilaterally waive the confidentiality of these reports.

    For the purposes of this Stipulated Protective Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; (c) the payment for care provided to an individual, which identifies the individual or which reasonable could be expected to identify the individual; and (d) any other information subject to the requirements of the Health Insurance Portability and Accountability Act of 1996. 26

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

Names and personal identifiers (including those listed in 45 C.F.R. § 164.514(b)(2)(i) shall be redacted prior to production. This shall not include any information related to Shelly Monahan.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1   <u>Basic Principles</u>. A receiving party may use Confidential material (including but not limited to Protected Health Information) that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to (and only to the extent reasonably connected to this litigation): 26

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

(a) the receiving party's counsel of record in this action, as well as employees of counsel and/or their subcontractors (i.e. nurse paralegals, investigators, etc.) to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

1  (h) mediators and their staff.

2  4.3 <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, 25

26

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    **Manner and Timing of Designations**. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    **Information in documentary form**: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. The Parties further agree that all documents and/or materials in fact containing Protected Health Information related to patients other than Shelly Monahan, even if not designated as such by the producing party, shall be treated by the receiving party as if it had been designated as "Confidential" pursuant to Paragraph 5.2.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order; 26

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material (including any Protected Health Information) to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. 26

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within six months after the termination of this action, including all appeals, each receiving party must return all Confidential material (including any Protected Health Information related to patients other than Shelly Monahan) to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction subject to the destroying party's certification that such party has not retained any copies of relevant Confidential material (including Protected Health Information).

Notwithstanding this provision, all counsel of record are entitled to retain one archival copy of all documents received, including documents filed with the court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. PROTECTED HEALTH INFORMATION

Nothing in the Stipulated Protective Order authorizes any party or their counsel to obtain Protected Health Information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes. This Stipulated Protective Order does not limit or control the use of Protected Health Information that Plaintiffs independently and lawfully obtain from a third party or that comes into possession of any party, or their counsel, from a source other than a Covered Entity as defined in 45 C.F.R. § 160.103. 25

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

1   12.    PERSONNEL AND DISCIPLINARY RECORDS – NO COPYING

2          The Parties agree that to the extent any personnel and/or disciplinary records

3   of any Clark County and/or NaphCare employee(s) are produced to Plaintiffs'

4   counsel, Plaintiffs' counsel will not permanently give a copy of the document(s) to,

5   or allow the document(s) to be copied by, anyone other than experts and consultants

6   as necessary for this litigation. If Plaintiffs' counsel shows a copy of the document(s)

7   to any named parties, the document(s) must remain under Plaintiffs' counsel's

8   direct supervision at all times. These records will be designated "No Copying."

              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                        By: s/ Jay H. Krulewitch
                                        Jay H. Krulewitch, WSBA #17612
                                        JAY H. KRULEWITCH, ATTORNEY AT LAW
                                        P.O. Box 33546
                                        Seattle, WA 98133
                                            P: (206) 233-0828
                                            F: (206) 628-0794
                                        Email: jay@krulewitchlaw.com

                                        By: s/ J. Nathan Bingham
                                        J. Nathan Bingham, WSBA #46325
                                        Email: jnb@krutchlindell.com

                                        By: s/ James T. Anderson
                                        James T. Anderson, WSBA #40494
                                        Email: jta@krutchlindell.com

                                        By: s/ Jeffrey C. Jones
                                        Jeffrey C. Jones, WSBA #7670
                                        Email: jcj@krutchlindell.com
                                        KRUTCH LINDELL BINGHAM JONES, P.S.
                                        3316 Fuhrman Ave E, Suite 250
                                        Seattle, Washington 98102
                                        Telephone: (206) 682-1505

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

|   |   |
|---|---|
| 1 | Facsimile: (206) 467-1823 |
| 2 | *Attorney for Plaintiffs* |
| 4 | By: *s/David A. Perez* |
|   | David A. Perez, WSBA #43959 |
| 5 | PERKINS COIE LLP |
| 6 | 1201 Third Avenue, Suite 4900 |
|   | Seattle, Washington 98101-3099 |
| 7 | Telephone: +1.206.359.8000 |
|   | Facsimile: +1.206.359.9000 |
| 8 | DPerez@perkinscoie.com |
| 9 | By: *s/Megan K. Houlihan* |
| 10 | Megan K. Houlihan, WSBA #53293 |
| 11 | By: *s/ Adrianna Simonelli* |
|   | Adrianna Simonelli, WSBA #58472 |
| 12 | PERKINS COIE LLP |
|   | 1120 N.W. Couch Street, Tenth Floor |
| 13 | Portland, Oregon 97209-4128 |
| 14 | Telephone: +1.503.727.2000 |
|   | Facsimile: +1.503.727.2222 |
| 15 | MHoulihan@perkinscoie.com |
|   | ASimonelli@perkinscoie.com |
| 16 |   |
| 17 | *Attorneys for Defendants NaphCare, Inc., Alyssa Clarke, Lexie Hunter, Rose Mainah,* |
| 18 | *Shannon Paris, Juli Pfau, Kaylea Tripp, Amanda Biver, James Eastman, Alexandria* |
| 19 | *Sliss, Chanelle Hackney, and Daniel Gorecki* |
| 20 |   |
| 21 | By: *s/ Audrey M. Airut Murphy* |
|   | Audrey M. Airut Murphy, WSBA #56833 |
| 22 | By: *s/ Ann E. Trivett* |
| 23 | Ann E. Trivett, WSBA #39228 |
|   | KEATING, BUCKLIN & McCORMACK, |
| 24 | INC., P.S |
|   | 1201 Third Avenue, Suite 1580 |
| 25 | Seattle, WA 98101 |
|   | Phone: (206) 623-8861 |
| 26 | Fax: (206) 223-9423 |

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000

amurphy@kbmlawyers.com
atrivett@kbmlawyers.com

*Special Deputy Prosecuting Attorneys for Defendants Clark County, Austin Cloyd, David Frazier, Ray Bettger, Keith Jones, and Justin Shoemaker*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 8th day of November.

_____
The Honorable Tiffany M. Cartwright
United States District Court Judge

STIPULATED PROTECTIVE ORDER
(No. 3:24-cv-05392-TMC) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000