UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON et al, <br><br> Plaintiffs, <br><br> v. <br><br> CLARK COUNTY et al, <br><br> Defendants. | Case No. 3:24-cv-05392-TMC <br><br> ORDER DENYING MOTION TO STAY DISCOVERY |

This case arises from the death of twenty-eight-year-old Shelly Monahan while she was incarcerated as a pretrial detainee in the Clark County Jail. Plaintiffs allege that Ms. Monahan's death was the result of negligence and constitutional violations by Clark County, its medical contractor NaphCare, Inc., and their individual employees. *See generally* Dkt. 29. NaphCare and its employees have moved to dismiss the claims against them (Dkt. 32), and all Defendants have moved to stay discovery until the Court rules on NaphCare's motion to dismiss (Dkt. 34). For the reasons explained below, the motion to stay discovery (Dkt. 34) is DENIED.

**I.    BACKGROUND**

Plaintiffs filed this lawsuit on May 22, 2024. Dkt. 1. After seeking additional time to respond, Dkt. 6, NaphCare and its employees moved to dismiss the claims against them or for a more definite statement. Dkt. 9. In response, Plaintiffs requested leave to amend their complaint,

ORDER DENYING MOTION TO STAY DISCOVERY - 1

which the Court granted. Dkt. 22. Plaintiffs filed their amended complaint on September 19, 2024. Dkt. 29. NaphCare and its employees again moved to dismiss, arguing that Plaintiffs had failed to join indispensable parties and had failed to state plausible claims for relief under 42 U.S.C. § 1983. Dkt. 32. Clark County and its employees answered the complaint. Dkt. 33. All Defendants then moved for a stay of discovery until the Court resolves NaphCare's motion to dismiss. Dkt. 34.

## II.    LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). As part of that authority, district courts have "wide discretion in controlling discovery," including by staying discovery when warranted. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## III.    DISCUSSION

As other courts in this district have recognized, "[t]he Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery." *Hold Security LLC v. Microsoft Corp.*, No. 2:23-cv-899-MJP, 2023 WL 7920434, at *1 (Nov. 16, 2023). "And many courts have emphasized that the mere existence of a dispositive motion does not warrant a stay of discovery." *Id.* Instead, district courts may look to several factors to guide their exercise of discretion, such as (1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) what possible damage may result from granting a stay; (4) what hardship or inequity a party may suffer if required to go forward; and (5) how a stay might simplify or complicate the issues, proof, and questions of law in the case. *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 2:23-cv-01772-TL, 2024 WL

ORDER DENYING MOTION TO STAY DISCOVERY - 2

4451404, at *1 (W.D. Wash. Oct. 9, 2024); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the Court finds these factors do not support a stay. Only one theory in NaphCare's motion—that the State of Washington and Western State Hospital are indispensable parties who cannot be joined due to sovereign immunity—has the potential to dispose of the entire case. *See* Dkt. 32 at 18. This theory hinges on NaphCare's exaggerated portrayal of the role that the failure to obtain a competency evaluation for Ms. Monahan plays in Plaintiffs' allegations about the cause of her death. At this stage of the litigation, it is unlikely that this argument will lead to dismissal of the entire case. Meanwhile, addressing NaphCare's other arguments about the sufficiency of the constitutional allegations against each individual defendant takes significant time, during which a stay of discovery would prevent the parties from developing evidence to support even the claims and defenses that will likely move forward. Under these circumstances, a stay of discovery is not justified.

## IV. CONCLUSION

For the reasons explained above, Defendants' motion for a stay of discovery (Dkt. 34) is DENIED.

Dated this 8th day of November, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO STAY DISCOVERY - 3