UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON et al, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY et al, <br><br> Defendant. | Case No. 3:24-cv-05392-TMC <br><br> ORDER |

This matter comes before the Court on its own motion. On October 24, 2024, Plaintiffs informed the Court that Mr. Monahan had passed away. Dkt. 37 at 8.

Federal Rule of Civil Procedure 25 provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Mr. Monahan's 42 U.S.C. § 1983 claim is not extinguished. *See Smith v. Pierce County*, 218 F. Supp. 3d 1220, 1225 (W.D. Wash. 2016) ("State survival statutes will control the survival of § 1983 claims" and "[u]nder Washington's general survival statute, '[a]ll causes of action by a

ORDER - 1

person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter.'" (citing RCW 4.20.046)).

The Ninth Circuit has held that Rule 25:

> [R]equires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Plaintiffs have satisfied the first step by notifying the Court of Mr. Monahan's death in their response to the motion to dismiss.

For the second step, "a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow*, 39 F.3d at 233.

Accordingly, Plaintiffs are directed to serve this order on Mr. Monahan's successors or representatives. Those successors or representatives may file a motion within 90 days of this order to substitute a proper party for Mr. Monahan. If no motion is filed, the Court will dismiss any remaining claims by Mr. Monahan without prejudice.

Dated this 31st day of January, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER - 2