UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON et al, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY et al, <br><br> Defendant. | Case No. 3:24-cv-05392-TMC <br><br> ORDER GRANTING MOTION TO APPROVE SETTLEMENT |

## I.  ORDER

Before the Court is Plaintiffs' motion to approve settlement. Dkt. 64. The Court has considered the motion; the report of settlement guardian ad litem (SGAL) Katrina B. Durkin (Dkt. 68); the declaration of plaintiffs' counsel Jay Krulewitch (Dkt. 66); and the exhibits to that declaration, which include the release and settlement agreements with NaphCare Inc. and Clark County (Dkt. 66-1 and 66-2, respectively), the CR2A agreement reached at the end of the parties' mediation (Dkt. 66-3), Mr. Krulewitch's contingent fee agreement (Dkt. 66-4), an email memorializing the split of fees between Mr. Krulewitch and his co-counsel (Dkt. 66-5), and Mr. Krulewitch's cost ledger for the litigation (Dkt. 66-6).

Attorney Katrina B. Durkin was appointed as SGAL for minor beneficiaries, J.M., S.M., and R.V. Dkt. 57. The Court held a hearing on the motion to approve the settlement on August

ORDER GRANTING MOTION TO APPROVE SETTLEMENT - 1

12, 2025, at which counsel for all parties, the SGAL, and Dalynne Singleton (the administrator of the Estate of Shelly Ann Monahan) appeared. No party opposed the approval of the settlement.

Ms. Durkin's report, filed under seal, recommends the Court approve the proposed settlement and proposes that minors J.M., S.M., and R.V.'s proceeds be deposited in professionally managed basic support and maintenance trusts that will terminate upon each minor reaching the age of twenty-five years. Through the report, Ms. Durkin also recommends the Court approve attorney's fees and requests for reimbursement of advanced costs for Plaintiffs' counsel, in addition to the fees and costs for the Personal Representative. The Court agrees with Ms. Durkin's recommendations and adopts them as set forth below.

The Court hereby ORDERS:

1. Plaintiff's Motion to Approve the Settlement (Dkt. 64) is HEREBY GRANTED.
2. Pursuant to Local Civil Rule 17 and Special Proceedings Rule ("SPR") 98.16W, the settlement agreements provided as *Exhibits 1 and 2* to the declaration of Declaration of Jay H. Krulewitch (Dkt. 66-1 and 66-2) are approved. The Court finds that the confidential gross settlement amount is fair and reasonable, and the SGAL's proposal to split the net settlement proceeds equally among the three minor beneficiaries J.M., S.M., and R.V. is fair and reasonable.
3. The SGAL Report of Katrina Durkin (Dkt. 68) meets the requirements of Local Civil Rule 17 and SPR 98.16W.
4. Dalynne Singleton, the personal representative of the estate, and Katrina B. Durkin, litigation and settlement GAL for minors J.M., S.M., and R.V., are authorized to execute the releases provided as *Exhibits 1 and 2* to the declaration of Declaration of Jay H. Krulewitch.

5. The Court approves the disbursements for attorney's fees and for reimbursement of costs advanced by Mr. Krulewitch as outlined in the SGAL Report of Katrina Durkin. The Court finds that the attorney's fees for Jay Krulewitch, Nate Bingham, and Fred Diamondstone are reasonable. The fees incurred by Mr. Diamondstone shall be paid from the attorney's fees prior to apportionment between Mr. Krulewitch and Mr. Bingham. The Court also finds that the costs advanced by Mr. Krulewitch are reasonable, including fees paid to the Gourley Law Group.

6. The net proceeds of the settlement for minors J.M., S.M., and R.V. shall be held in basic support and maintenance trusts that will terminate upon each minor reaching the age of twenty-five years.

7. The Court authorizes either the firm of Brothers Henderson Durkin, P.S. or Angela Macey-Cushman to prepare the basic support and maintenance trusts.

8. A professional fiduciary shall be appointed as Trustee of the basic support and maintenance trusts with responsibility for the financial management and general administration of the Trusts, and discretionary distributions from the Trusts.

9. Plaintiffs' counsel shall maintain the portion of the settlement payment allocated to minors J.M., S.M., and R.V. in the IOLTA Trust Account of Jay H. Krulewitch, Attorney at law, until it is disbursed into the minors' basic support and maintenance trusts. The net settlement proceeds shall be distributed to the trusts for J.M., S.M., and R.V. in three equal shares.

10. Brothers Henderson Durkin, P.S. and its attorneys are authorized to represent any Trustee of the Trusts for the benefit of J.M., S.M., and/or R.V. in the event the Trustee wishes to retain that law firm.

11. The Court finds that the SGAL fees and cost of $8,684.00, payable to Brothers Henderson Durkin, P.S., are reasonable. NaphCare shall pay those fees and costs within 30 days of entry of this Order.

12. Plaintiffs' counsel shall file a Receipt of Funds with this Court demonstrating that the settlement proceeds have been deposited into the minors' Trusts within 30 days of the approval of the Trusts by the state court.

13. Plaintiffs' counsel shall make every effort to complete that process and file the Receipt of Funds within 90 days of the date of this Order – no later than November 10, 2025. If for some reason the Receipt cannot be filed by that date, Plaintiff's counsel must file a status report no later than November 10, 2025 explaining the reason for the delay and the date on which the Receipt will be filed.

14. The parties shall file a stipulated same-day motion dismissing this matter with prejudice within seven days after the Receipt of Funds is filed.

15. The SGAL is discharged upon filing of the Receipt of Funds.

Dated this 12th day of August, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO APPROVE SETTLEMENT - 4