UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON et al, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY et al, <br><br> Defendant. | Case No. 3:24-cv-05392-TMC <br><br> SUPPLEMENTAL ORDER ON MOTION TO SEAL |

## I.   INTRODUCTION

This case arises from the death of 28-year-old Shelly Ann Monahan while she was incarcerated as a pretrial detainee in the Clark County Jail in 2021. In July 2025, the parties asked the Court to approve their agreed settlement, which was required because the settlement involved the claims of Ms. Monahan's minor children. *See* Dkt. 64; *see also* Washington Special Proceeding Rule 98.16W and Local Rules W.D. Wash. LCR 17. Plaintiffs' settlement agreement with Clark County, which included a total payment of $1 million, does not contain a confidentiality provision and is a matter of public record because Clark County is a public entity. Dkt. 66-2. The question now before the Court is whether, despite requiring the Court's approval, the terms of Plaintiffs' settlement with Defendant NaphCare (the private entity responsible for providing medical care at the Jail at the time of Monahan's death) should remain sealed based on

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 1

the parties' agreement to a confidentiality provision. Because no party has shown compelling reasons for secrecy that are sufficient to outweigh the public's interest in access to court records, the Court concludes that the settlement terms may not be sealed.

## II.   BACKGROUND

On July 8, 2025, Plaintiffs moved for approval of the parties' settlement. Dkt. 64. On the same day, Plaintiffs moved to seal several documents filed in support of their motion to approve the settlement: a declaration from Plaintiff's counsel Jay Krulewitch (Dkt. 66); the settlement agreements with Defendants NaphCare Inc. and Clark County (Dkt. 66-1, 66-2); an email thread memorializing the parties' settlement agreement reached during mediation (Dkt. 66-3); Mr. Krulewitch's contingent fee agreement with Plaintiff Dalynne Singleton, the administrator of Ms. Monahan's estate (Dkt. 66-4); an email thread memorializing the split of fees between Mr. Krulewitch and his co-counsel (Dkt. 66-5); and the cost ledger for this case from Mr. Krulewitch's firm (Dkt. 66-6). Dkt. 65.

Defendants did not oppose the motion to seal (Dkt. 67, 69) and the Court initially granted it (Dkt. 70). As the Court informed the parties at the August 12, 2025 hearing on the motion to approve the settlement, however, upon further review of the record the Court concluded that this decision was at least partially in error. At the hearing, counsel for Defendant Clark County confirmed that her client's settlement agreement was not confidential, and the Court ordered Dkt. 66-2 unsealed. *See* Dkt. 72. The Court also informed the parties that it would allow them an opportunity to be heard before unsealing any additional documents based upon sua sponte reconsideration of the Court's initial order, as the Court would do before granting a motion for reconsideration made by a party. *See* LCR 7(h)(3).

On August 14, 2025, to provide that opportunity, the Court issued an Order to Show Cause asking the parties to provide further briefing if they believed the documents should remain

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 2

sealed. Dkt. 74. The Clark County Defendants responded by confirming that they took no position on whether the documents should be sealed. Dkt. 77. Plaintiffs responded by agreeing to unseal Dkt. 66-6 and providing to chambers proposed redacted copies of the remaining documents (Dkt. 66, 66-1, 66-3, 66-4, and 66-5). Dkt. 78. Plaintiffs confirmed their agreement with Defendant NaphCare to keep the amount of the settlement paid by NaphCare confidential, but they did not otherwise address the relevant legal standard or provide additional facts in support of the motion to seal. *See id.* NaphCare responded by arguing that there are compelling reasons for both the amount and other terms of its settlement with Plaintiffs to remain sealed. Dkt. 79. Having been fully advised, the Court will rule on each of the disputed documents in turn.

### III.    DISCUSSION

**A.    The "compelling reasons" standard applies to the motion to seal.**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). The party seeking to keep documents filed under seal must satisfy the "good cause" or "compelling interest" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In contrast, a "'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.*

Here, the "compelling reasons" standard applies to the motion to approve the settlement because it is dispositive of the proceeding. *See M.F. v. United States*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015) (holding the "compelling reasons" standard applied to a motion to approve a minor settlement agreement because it was dispositive of the

proceeding); *Tarutis v. Spectrum Brands, Inc.*, No. C13-761 JLR, 2014 WL 5808749, at *2 (W.D. Wash. Nov. 7, 2014) (parties agreed the "compelling reasons" standard applied to a motion to approve minor settlement and related court filings); *M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 11–cv–01985, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (holding that the "compelling reasons" standard applies to a motion to seal related to a minor's settlement because an order approving the settlement is dispositive).

      NaphCare acknowledges these three cases but asserts that the "good cause standard should apply" because "the case here is different." Dkt. 79 at 6. NaphCare's brief, however, does not support this assertion with any explanation as to how the minor settlement in this case is distinguishable from those in the cited cases applying the compelling reasons standard. NaphCare argues that under the functional approach of *Kamakana*, what matters is not that the motion disposes of the case, but whether it is "closely related" to the underlying merits. *Id.* at 6; *see Kamakana*, 447 F.3d at 1179–80. This is partially true; the Ninth Circuit instructs that "[t]he focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. But the Court's approval of a settlement on behalf of a minor easily meets this standard.

      When reviewing a proposed settlement of a minor's claims, the district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011); *see also, e.g.*, *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." (internal citations omitted)); *Dacanay v. Mendoza*, 573

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 4

F.2d 1075, 1079 (9th Cir. 1978) ("[F]rom the time of the early courts of chancery a guardian ad litem has been unable to bind a minor litigant to a settlement agreement absent an independent investigation by the court and a concurring decision that the compromise fairly promotes the interests of the minor[.]"). This inquiry is much closer to a dispositive motion than the type of collateral discovery dispute for which records may be sealed with just a showing of "good cause." *See Kamakana*, 447 F.3d at 1179. The Court remains convinced that the compelling reasons standard applies.

To satisfy the compelling reasons standard, the party moving to seal bears the burden of "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citation modified). To grant the motion, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (citation modified). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted).

Additionally, this Court's Local Civil Rules require that a motion to seal include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal," including explanation of "the legitimate private or public interests that warrant the

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 5

relief sought," "the injury that will result if the relief sought is not granted," and "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

**B.     Most of the remaining documents must be unsealed.**

The Court will address the parties' arguments for each of the provisionally sealed documents and any proposed redactions in turn.

> *1.     Dkt. 66-1 and 66-3 – Settlement Agreement with NaphCare and the email CR2A Agreement.*

The main question at issue in this motion is whether the Court should seal either NaphCare's settlement agreement or the amount of its settlement payment in the context of the Court's approval of a settlement for minor plaintiffs. NaphCare argues that "[p]rivate parties like NaphCare and Plaintiffs typically do not publicly file the terms of their settlement agreements" and "no other public interest reasons justify the disclosure[.]" Dkt. 79 at 2, 7.[1] NaphCare contends that "[p]ublic access to the complete terms disincentivizes settlement and reveals confidential financial and business operations information." *Id.* at 2. And it argues that because NaphCare faces litigation around the country from other incarcerated individuals for whom it was responsible for providing medical care, "other unrelated parties may try to use these settlement terms against NaphCare in future litigation." *Id.* at 7.

NaphCare's arguments, however, are not supported by either its evidentiary submissions or the relevant case law. Under Local Civil Rule 5(g), a party seeking to seal court records must

---

[1] NaphCare also argues that while it was aware the Court would need to know the amount of the settlement, it did not realize Plaintiff's counsel would file the entire settlement agreement with the Court (even under seal) and that Plaintiffs did not serve copies of the sealed documents on Defendants. *See* Dkt. 79 at 3, 5. The Court agrees that the documents should have been served on Defendants and already admonished Plaintiff's counsel for that failure in the hearing on the motion to approve the settlement. At this point, however, NaphCare has received copies of the sealed documents and had a full and fair opportunity to present its arguments as to why the documents should be sealed. *See id.* at 3. The history of the parties' communications over what would be filed is therefore irrelevant to the Court's decision.

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 6

provide "[e]videntiary support from declarations . . . where necessary" to show "the injury that will result if the relief sought is not granted." LCR 5(g)(3)(B). NaphCare submits a declaration from litigation counsel averring that "[i]t is my understanding, based on this and other litigation on behalf of NaphCare, that if NaphCare's settlement terms with Plaintiffs became public, NaphCare would suffer competitive harm and be disadvantaged in future litigation." Dkt. 80 ¶ 8. But this type of conclusory assertion of injury—including from NaphCare itself— has been repeatedly rejected by courts in this district. *See, e.g.*, *Tapia v. NaphCare Inc.*, No. C22-1141-KKE, 2025 WL 2263825, at *1 (W.D. Wash. Aug. 7, 2025) (rejecting NaphCare's conclusory assertion that if profit and loss statements were unsealed "competitors or others could use that information to harm NaphCare"); *White v. Symetra Assigned Benefits Serv. Co.*, 2022 WL 1136804, at *5 (W.D. Wash. Apr. 18, 2022) (conclusory assertion that "publication would give Defendants' competitors access to proprietary marketing strategies that Defendants' business is reliant upon" did not satisfy compelling reasons standard); *Bluetooth Sig, Inc. v. FCA US LLC*, No. 2:18-cv-01493-RAJ, 2020 WL 2063561, at *2 (W.D. Wash. Apr. 29, 2020) ("[C]onclusory assertions of harm to business interests . . . does not overcome the weighty presumption of public access to court filings[.]").

The Ninth Circuit in *Kamakana* similarly rejected the legal argument that future litigation risk is a sufficiently compelling reason to seal presumptively public court records. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. And NaphCare is simply wrong when it argues that "no other public interest reasons justify . . . disclosure" of the settlement amount. Dkt. 79 at 7. First, this argument turns the standard on its head; the Court's record of the settlement amount, which requires the Court's approval, is presumptively public—it is NaphCare who must justify its

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 7

secrecy, not the other way around. *See Kamakana*, 447 F.3d at 1182 ("[T]he judge need not document compelling reasons to unseal[.]"). Second, the presumption of public access to court records "is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies,'" including the courts. *Id.* at 1178 (quoting *Nixon*, 435 U.S. at 598). The public cannot meaningfully scrutinize the Court's decision that the settlement was fair and reasonable without knowledge of the amount. Third, NaphCare's role in this case is not that of an ordinary private litigant. When NaphCare assumes responsibility for the medical care of incarcerated pretrial detainees like Shelly Monahan, it is a state actor—"a private entity operating under color of state law[.]" *Estate of Hill v. NaphCare, Inc.*, No. 23-2741, 2025 WL 1588738, at *1 (9th Cir. June 5, 2025). The "interest in ensuring the 'public's understanding of the judicial process and of significant public events'" is especially strong when the underlying litigation concerns the exercise of state power. *See Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

Finally, none of the cases cited by NaphCare lead to a conclusion that the records should be sealed. In *Hasbrouck v. BankAmerica Housing Services*, the court addressed a third party's effort to seek discovery of a confidential settlement agreement between private parties (including an adult plaintiff) that was never "filed with a court." 187 F.R.D. 453, 456 (N.D.N.Y. 1999). *Kalinauskas v. Wong* addressed a similar situation. 151 F.R.D. 363, 365–66 (D. Nev. 1993) (employment plaintiff seeking to depose former employee who had entered confidential settlement with same employer). The cases NaphCare cites from this district involving minor plaintiffs concern motions to seal substantive records about the minor, not the terms of a settlement requiring court approval. *See Rec Room Inc. v. M.Z.*, No. 23-1586-KKE, 2024 WL 1765709 (W.D. Wash. Apr. 24, 2024) (sealing declaration explaining investigation into minor's birthdate); *Oksana B. v. Premera Blue Cross*, No. C22-1517 MJP, 2023 WL 8476615 (W.D.

SUPPLEMENTAL ORDER ON MOTION TO SEAL - 8

Wash. Nov. 13, 2023) (sealing administrative record containing minor's education and medical records).

While NaphCare does cite two cases from the Northern District of California where the district courts sealed the amounts of minor settlements, those orders were sought by the minor plaintiffs based on their own privacy interests. *See Medina v. County of Monterey*, No. 24-cv-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) (sealing amounts after concluding they were "highly sensitive" and sealing was necessary to protect minor's privacy interests); *Huff v. Thousandshores, Inc.*, No. 21-cv-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (sealing amount to prevent third parties from targeting the child). The minors in this case have not made these arguments. Nor are these arguments persuasive where, as here, the net settlement proceeds for each minor will be held in trusts subject to the ongoing jurisdiction of the state court, including annual filings of the trusts' assets, income, and expenses. *See* Washington Special Proceeding Rule 98.16W(j)(3); *see also* Dkt. 73 at 3–4 (approving distribution of net settlement proceeds into basic support and maintenance trusts for the minors subject to approval of the trusts by the state court).

Finally, the Court notes that the confidentiality provision in NaphCare's settlement agreement recognizes an exception if disclosure is "required by law, court order, or other government authority." Dkt. 66-1 at 3. NaphCare surely contemplated the possibility that obtaining court approval of the settlement would require disclosure of the amount. NaphCare has not shown compelling reasons for sealing either the amount or other terms of its settlement agreement that required court approval. The documents filed at Dkt. 66-1 and 66-3 must therefore be filed on the public docket, except for material that must be redacted under Federal Rule of Civil Procedure 5.2.

    **2.**    *Dkt. 66 – Krulewitch Declaration.*

Mr. Krulewitch has submitted proposed redactions to chambers for the portions of his declaration that discuss his fee arrangement, but he has not provided any factual or legal basis for those redactions in his response to the order to show cause. *See* Dkt. 78. The Court has already explained above why there are not compelling reasons to seal the amount of NaphCare's settlement payment. No party has provided compelling reasons for sealing or redacting any material in this declaration other than what is required by Federal Rule of Civil Procedure 5.2.

    **3.**    *Dkt. 66-4 and 66-5: Fee agreement and email memorializing split of fees.*

While Mr. Krulewitch has again provided proposed redactions to these documents to chambers, his response to the order to show cause still has not addressed the legal or factual basis for the redactions. *See* Dkt. 78. This does not meet the compelling reasons standard. Dkt. 66-5 will therefore be unsealed, and Mr. Krulewitch will be ordered to submit a redacted copy of Dkt. 66-4 that redacts only the information required by Federal Rule of Civil Procedure 5.2.

    **4.**    *Dkt. 66-6: Cost ledger.*

Plaintiffs have agreed that this document may be unsealed.

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. Within 7 days of this Order, Plaintiff shall file on the public docket a redacted version of Dkt. 66 that redacts only the names of Ms. Monahan's minor children as required by Federal Rule of Civil Procedure 5.2.

2. Within 7 days of this Order, Plaintiff shall file on the public docket a redacted version of Dkt. 66-1 that redacts only the names of Ms. Monahan's minor children as required by Federal Rule of Civil Procedure 5.2.

3. Within 7 days of this Order, Plaintiff shall file on the public docket a redacted version of Dkt. 66-3 that redacts only (1) the names of Ms. Monahan's minor children and (2) any dates of birth, social security numbers, and tax identification numbers as required by Federal Rule of Civil Procedure 5.2.

4. Within 7 days of this Order, Plaintiff shall file on the public docket a redacted version of Dkt. 66-4 that redacts only (1) Ms. Singleton's date of birth and social security number and (2) the names of Ms. Monahan's minor children, as required by Federal Rule of Civil Procedure 5.2.

5. The Clerk is directed to UNSEAL the documents filed at Dkt. 66-5 and 66-6.

Dated this 22nd day of September, 2025.

Tiffany M. Cartwright
United States District Judge